KIMBERLY D. HOWATT (SBN: 196921)
khowatt@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

JONI B. FLAHERTY (SBN: 272690)
jflaherty@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7461
Facsimile: (619) 696-7124

Attorneys for Defendants ESQUIRE BANK NATIONAL ASSOCIATION (erroneously sued as ESQUIRE BANK, NATIONAL CORPORATION) and ESQUIRE FINANCIAL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE NGUYEN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ESQUIRE BANK NATIONAL ASSOCIATION, a federally chartered bank (erroneously sued as ESQUIRE BANK, NATIONAL CORPORATION, a New York Corporation); ESQUIRE FINANCIAL HOLDINGS, INC., a Maryland Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CASE NO. 17-cv-02142 DOC DFMx)<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: February 12, 2018<br>Time: 8:30 a.m.<br>Dept.: 9-D<br>Judge: Hon. David O. Carter<br><br>*Transferred from Orange County Superior Court*<br>*Case No. 30-2017-00940083*<br>*Complaint Filed: August 24, 2017* |

-1-
NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 12, 2018 at 8:30 a.m., or as soon thereafter as the matter may be heard, Defendants ESQUIRE BANK NATIONAL ASSOCIATION (erroneously sued as ESQUIRE BANK, NATIONAL CORPORATION) ("Esquire Bank") and ESQUIRE FINANCIAL HOLDINGS, INC. ("Esquire Financial"), collectively referred to as "Defendants", will and hereby do move the Court to dismiss the complaint (Doc. 1-2) of the above-captioned plaintiff ("Plaintiff"), and each claim for relief asserted therein.

This motion is brought pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure and all applicable decisional law. Specifically, the motion is based on the following grounds:

- Plaintiff has failed to plead sufficient facts to state her first claim for relief for statutory conversion, namely as to (i) whether the deposit of funds was unauthorized by Plaintiff and (ii) the actual amount of her interest in such funds, and thus it should be dismissed under Fed. R. Civ. P. 12(b)(6);

- Plaintiff has failed to plead sufficient facts to state her second claim for relief for common law conversion, namely as to the requisite elements of (i) intentional or substantial interference and (ii) causation, and thus it should be dismissed under Fed. R. Civ. P. 12(b)(6);

- The second claim for relief for common law conversion is pre-empted by the Commercial Code, and thus should be dismissed under Fed. R. Civ. P. 12(b)(6);

- All claims against Esquire Financial should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because there are no allegations of any conduct by that entity, nor is it alleged to be a bank as required for a Section 3420 count, and thus no claim is sufficiently stated thereagainst;

/ / /

- Plaintiff's alter ego allegations are insufficiently pleaded because they contain no facts to meet the requisite elements of such a legal theory, and thus should be dismissed under Fed. R. Civ. P. 12(b)(6);

- Plaintiff has failed to join all necessary parties in this action, including but not limited to Layfield, and thus her complaint is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(7)).

Because it is anticipated that Plaintiff cannot demonstrate sufficient basis for leave to amend its pleading, Defendants further request that the dismissal be ordered *with prejudice*.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 12, 2017, and communications which took place thereafter, during which meeting and subsequent communications counsel were unable to reach a resolution that would eliminate the necessity for a hearing.

Defendants' motion is based on this notice of motion and motion to dismiss, the accompanying memorandum of points and authorities, the request for judicial notice and exhibits attached thereto (authenticated through the declaration of counsel), their anticipated reply brief, all matters subject to judicial notice, and any further evidence or argument that the Court may properly receive.

Dated: December 28, 2017         GORDON REES SCULLY MANSUKHANI

                                 By: /s/ Kimberly D. Howatt
                                     Kimberly D. Howatt
                                     Joni B. Flaherty
                                     Attorneys for Defendants
                                     ESQUIRE BANK NATIONAL ASSOCIATION (erroneously sued as Esquire Bank, National Corporation) and ESQUIRE FINANCIAL HOLDINGS, INC.

-3-
NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT